**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:25-CV-00127-HBB**

**RENEE G.**[1] **PLAINTIFF**

**VS.**

**FRANK BISIGNANO,**
**COMMISSIONER OF SOCIAL SECURITY** **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

## I. BACKGROUND

Before the Court is the Complaint (DN 1) of Rene Gonzalez ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 14) and Defendant (DN 20) have filed a Fact and Law Summary. Additionally, Plaintiff has filed a reply (DN 21). For the reasons that follow, the decision by the ALJ to establish Plaintiff's onset date as July 26, 2023, is **AFFIRMED.**

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10). By Order entered November 18, 2025 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefore was filed and granted. No such request was filed.

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

## II. FINDINGS OF FACT

On July 26, 2023, Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income (Tr. 320-321). Plaintiff alleged in his applications that he became disabled on July 26, 2023, as a result of a nodule in his lung, CRPS syndrome, the inability to use his right arm, fatigue, shortness of breath, nerve damage, and pain in his chest, neck, and face (Tr. 176, 186). The applications were disapproved initially on January 26, 2024, and upon reconsideration on June 19, 2024 (Tr. 222-227, 239-246). On August 6, 2024, Plaintiff filed a written request for hearing (Tr. 247).

Administrative Law Judge ("ALJ") Lisa Hall conducted an in-person hearing on December 10, 2024 (Tr. 19). Plaintiff testified during the hearing and Attorney Nancy Shelby Calloway represented Plaintiff at the hearing (*Id.*). Betty Hale, an impartial vocational expert, appeared at the hearing by telephone (*Id.*).

In a decision dated December 19, 2024, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 16-23). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 26, 2023, the alleged onset date (AOD) (Tr. 19). At the second step, the ALJ determined that Plaintiff has the following severe impairments: complex regional pain syndrome (CRPS), nerve damage, and nodule in the lung (*Id.*). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 20).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except that he can

sit, stand and or walk for six hours in an eight-hour workday, he can never climb ladders, and he can occasionally crawl and do fine manipulative tasks with his right hand, including handling and fingering. However, the ALJ noted that use of his left hand is unlimited (Tr. 20). Additionally, the ALJ determined that Plaintiff is unable to perform any past relevant work (Tr. 22).

The ALJ proceeded to the fifth step where she considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 22). The ALJ observed that Plaintiff "was an individual closely approaching advanced age on the established disability onset date" (*Id.*) (citing 20 C.F.R. §§ 404.1563, 416,963). The ALJ found that there are no jobs that exist in significant numbers in the national economy that Plaintiff can perform (*Id.*). Therefore, the ALJ concluded that Plaintiff has been under a disability as defined in the Social Security Act since July 26, 2023, the alleged onset date of disability, through the date of the decision (*Id.*).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision on February 14, 2025 (Tr. 316-319). The Appeals Council denied Plaintiff's request for review on July 11, 2025 (Tr. 1-3).

## III. CONCLUSIONS OF LAW

### A. Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a

reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

**B. <u>The Commissioner's Sequential Evaluation Process</u>**

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Here, the ALJ **GRANTED** Plaintiff's claim at the fifth step, setting the established onset date as July 26, 2023 (Tr. 22).

**C. <u>Alleged Onset Date</u>**

*1. Argument of the Parties*

Plaintiff contends that the ALJ erred solely in its determination of the established onset date (EOD) as being July 26, 2023 (DN 14 PageID # 1614-20). Specifically, Plaintiff maintains that the correct onset date is on or about May 9, 2022, more than a year earlier than the ALJ's EOD (*Id.*). Plaintiff believes that May 9, 2022, should serve as the correct EOD because it is the date on which Plaintiff was diagnosed with CRPS by Dr. Vasudeva Iyer. (*Id.*).[2] To reconcile why July 26, 2023, was the date repeated throughout the record as the onset date, Plaintiff explains that

2 In the Complaint and reply memorandum counsel asserts the onset date should be May 9, 2022 (DN 1 PageID # 2-3; DN 21 PageID # 1649). But in the initial brief, counsel indicates the onset date should be May 5, 2022 (DN 14 PageID 1620). As the initial brief contains a typographical error, the Court will use the May 9, 2022, date.

while Plaintiff was interviewed by the SSA interview clerk on July 26, 2023, he attended this interview without counsel, and "may have misunderstood the question, and thought he was being asked if he was disabled at the time he applied," (*Id.* at PageID #1615). Moreover, Plaintiff further attempts to reconcile the repetition of this allegedly incorrect AOD by providing: "During the hearing the ALJ did not get into the medical records and indicated she was granting benefits before counsel could question Mr. Gonzalez. Thus, the onset date never came up." (*Id.*). Nevertheless, Plaintiff maintains that there is substantial evidence in the record to support a finding by the ALJ that the correct EOD should be May 9, 2022. (*Id*. at PageID #1615-20).

Defendant contends in its Fact and Law Summary (DN 20) that the ALJ appropriately considered the evidence and reasonably determined that Plaintiff was disabled as of the alleged onset date (AOD) of July 26, 2023. Defendant justifies this conclusion by first asserting the fact that, as Plaintiff concedes, the July 2023 date was listed throughout Plaintiff's applications for DIB and SSI, the Initial determination, the Reconsideration determination, and other initial documents, (DN 20 PageID #1640). Second, Defendant asserts that even if Plaintiff was confused at the time of their interview with SSA, Plaintiff and Plaintiff's Counsel had an opportunity to amend the alleged onset date before and during the hearing but did not do so, (*Id.*). Lastly, Defendant argues that mere diagnosis of an impairment alone is not sufficient to show that Plaintiff was disabled as of that date of diagnosis because without more it does not show that it caused functional limitations in the residual functional capacity impacting Plaintiff's ability to work as of the date of the diagnosis, (DN 20 PageID #1641).

In her reply, Plaintiff's counsel asserts that prior to the hearing, she experienced issues accessing the SSA's Electronic Records Express (ERE) system and was unable to obtain a copy

of the record beforehand, resulting in their unawareness that Plaintiff had cited an onset date of July 26, 2023 (DN 21 PageID #1644; *See* Tr. 152). Plaintiff furthermore asserts that they did not foresee that the onset date of their disability would be an issue because it was not raised at the hearing by the ALJ and because the evidence "roundly" supported an onset date in the year 2022 (*Id.*). Specifically, Plaintiff states, "Counsel believes there was good cause not to suspect [the EOD] as an issue during the hearing because there was ***no evidence*** that it should have been as late as 2023." (*Id*. at PageID #1646).

Ultimately, this court must determine whether at the time of the ALJ's decision there was substantial evidence in the record such that a reasonable mind could accept the evidence in the record as adequate to support the ALJ's determination of July 26, 2023, as the EOD, even if the evidence could also support a finding of an earlier onset date. *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). As the Defendant provides, and the Plaintiff concedes, the July 2023 date was listed throughout Plaintiff's applications for DIB and SSI, the Initial determination, the Reconsideration determination, and other initial documents, (DN 20 PageID #1640). Whether or not this is the EOD that the Plaintiff wanted, it was the AOD that the Plaintiff provided and failed to correct at every reasonable opportunity.

While at the time of and before the hearing, Plaintiff's counsel alleges she did not know that Plaintiff had provided the July 26, 2023, date as the AOD, given the ERE access issues she was experiencing, it is clear that Plaintiff's counsel assumed the ALJ would independently surmise from the evidence an onset date of May 9, 2022, despite the Plaintiff's alleged onset date of July 2023 listed throughout the record, without bringing it to the attention of the ALJ. To avoid this

conundrum despite the ERE access issues leading up to the hearing, Plaintiff's counsel could have simply asked the ALJ during the hearing what they estimated to be Plaintiff's AOD and could have sought to clarify or correct Plaintiff's AOD for the record. Moreover, during the hearing, the ALJ asked Plaintiff's counsel if she had any objections to the records in the ALJ's file to which Plaintiff's counsel said "No." From there, the ALJ even stated that once Plaintiff's counsel eventually reviewed the records after the hearing, Plaintiff's counsel could submit any objections to the ALJ in writing for their ruling, (Tr. 156). Plaintiff's counsel had roughly a week to review the record and to issue any objections to the records in the ALJ's file or to clarify that Plaintiff wanted an EOD of July 2023. Plaintiff nor Plaintiff's counsel ever sought to provide such clarity prior to issuance of the ALJ's decision on December 19th, 2024. Ultimately, the July 26, 2023, AOD is listed and uncontested throughout the record such that a reasonable mind could accept this evidence in the record as adequate to support the ALJ's determination in establishing July 23, 2026, as the Plaintiff's onset date.

## IV. CONCLUSION

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation modified). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. *Id.* After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and

correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to his challenge.

## V. ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

H. Brent Brennenstuhl
United States Magistrate Judge

September 15, 2026

Copies: Counsel